UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CLARENCE PHOENIX AND
DARLENE PHOENIX

VERSUS

WELLS FARGO BANK, N.A., ET AL.

CIVIL ACTION

NO. 16-75-JJB-RLB

## RULING

This matter is before the Court on a Motion to Dismiss the Amended Complaint For Failure

to State a Claim (Doc. 17) brought by the Defendants, Wells Fargo Bank, N.A. and Wells Fargo

Home Mortgage, Inc. (collectively "Wells Fargo"). The Plaintiffs, Clarence Phoenix ("Mr.

Phoenix") and Darlene Phoenix ("Mrs. Phoenix"), filed an Opposition (Doc. 19), and the

Defendants filed a Reply (Doc. 20). Oral argument is unnecessary. The Court's jurisdiction exists

pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendants' Motion to Dismiss is

**GRANTED** in part and **DENIED** in part.

## I.    BACKGROUND

The following factual allegations are taken from the Amended Complaint (Doc. 16) and

are treated as true for purposes of this Motion.[1] Mr. Phoenix applied for a mortgage from Wells

Fargo in early 2015. During the application process, Mr. Phoenix spoke with a representative of

Wells Fargo who asked him to identify his race. Mr. Phoenix identified himself as an African-

American.

After this conversation, Wells Fargo: (1) requested previously submitted documents from

Mr. Phoenix; (2) claimed that he had unpaid property taxes; (3) refused to accept his income tax

receipts; (4) improperly calculated Mr. Phoenix's debt-to-income ratio ("DTI"); and (5) claimed

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

that Mrs. Phoenix did not sign the loan application when, in fact, she had signed the application.

Ultimately, Wells Fargo denied Mr. Phoenix's loan application based on an incorrect DTI calculation of 57%. Wells Fargo arrived at this number by taking into account half of Mr. Phoenix's income, which it claimed was proper because Mrs. Phoenix did not sign the loan application. Wells Fargo should have based its calculation on Mr. Phoenix's full income because Mrs. Phoenix did sign the application. Additionally, even if she had not signed the application, Wells Fargo should have based its DTI calculation on Mr. Phoenix's full income because of Louisiana property law. Furthermore, Mr. Phoenix had a credit score of 757, and despite this high credit score, Wells Fargo sent the Phoenixes a credit counseling letter as part of the loan denial.

Mr. Phoenix had done business with Wells Fargo prior to this loan application. This was the first loan application submitted by Mr. Phoenix where Wells Fargo asked about his race, and it was the first and only of his loan applications to be denied by Wells Fargo.

In April 2015, Wells Fargo sent Mr. Phoenix an apology letter, stating that they miscalculated the DTI, and had it been calculated properly, the loan likely would have been approved. They also offered Mr. Phoenix $500 for his trouble and encouraged him to apply again. Plaintiffs allege that Wells Fargo was not justified in denying the loan application and that it discriminated against Mr. and Mrs. Phoenix because of their race and marital status.

Plaintiffs brought a discrimination suit against Wells Fargo under both the Fair Housing Act ("FHA"), 42 U.S.C. § 3605(a), and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a). This is the second Motion to Dismiss filed by the Defendants. This Court granted Plaintiffs leave to file an amended complaint, and this Motion moves to dismiss the claims in the Amended Complaint.

2

The Defendants argue that: (1) Plaintiffs have failed to state a claim for discrimination under both the FHA and the ECOA; (2) Plaintiffs have failed to state a claim for fraud; and (3) the Amended Complaint fails to state any cognizable action on behalf of Mrs. Phoenix.

## II.   DISCUSSION

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[2] The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff."[3] Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief.[4]

### A.      Mr. Phoenix's FHA and ECOA Claims

In the Complaint, the Plaintiffs assert claims for race discrimination arising under the FHA and race and marital status discrimination under the ECOA.

The FHA provides that "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race…"[5] The act defines a residential real estate-related transaction as: "[t]he making or purchasing of loans or providing other financial assistance (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by residential real estate."[6]

---

[2] *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))
[3] *Davis v. Bellsouth Telecomm.*, Civil Action No. 11–722–FJP–SCR, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996))
[4] *Ashcroft*, 556 U.S. at 678.
[5] 42 U.S.C. § 3605(a).
[6] 42 U.S.C. § 3605(b)(1).

Meanwhile, the ECOA states that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status…"[7]

A plaintiff can establish a *prima facie* case of lending discrimination under either the FHA or the ECOA by showing disparate treatment.[8] In order to make out a claim under either the FHA or the ECOA, a plaintiff must articulate facts which, if taken as true, would demonstrate that actions were taken against him as a result of racial or marital status discrimination.[9] To establish a *prima facie* case of disparate treatment under the FHA or the ECOA, a plaintiff must demonstrate that: (1) he is a member of a protected class; (2) that he applied for and was qualified for a loan; (3) despite his qualifications, plaintiff's loan application was denied; and (4) the lender continued to approve loans for applicants with qualifications similar to those of the plaintiff.[10]

While the Amended Complaint does allege facts sufficient to make out a plausible claim that Wells Fargo discriminated against Mr. Phoenix based on his race, the Court is unable to infer a marital status discrimination claim based on the facts presented here. The Court is able to infer race discrimination for two reasons. In addition to alleging all of the necessary elements of a *prima facie* claim, Mr. Phoenix also states that he had received loans from Wells Fargo in the past and they had never asked about his race. He never encountered problems with those loan applications. However, during this application process, Wells Fargo asked about his race, and, after stating he was African-American, he encountered a plethora of problems and issues which ultimately resulted in him being denied the loan. Since Wells Fargo had treated Mr. Phoenix fairly in the past when it

---

[7] 15 U.S.C. § 1691(a).
[8] *Rowe v. Union Planters Bank of Se. Mo.*, 289 F.3d 533, 535 (8th Cir. 2002).
[9] *See Reece v. Countrywide Home Loans Inc.*, Civil Action No. 06-81, 2008 WL 4559809, at *2 (N.D. Tex. Oct. 10, 2008).
[10] *Rowe*, 289 F.3d at 535; *Dixon v. Toyota Motor Credit Corp.*, Civil Action No. 12-2150-CJB, 2013 WL 3776577, at *4 (E.D. La. July 17, 2013).

4

did not know he was African-American, the treatment he received during this application period, after Wells Fargo found out he was African-American, can be interpreted as racial discrimination.

Taking all of the facts in the Amended Complaint as true, the Court finds that Mr. Phoenix has alleged enough facts to state a race discrimination claim under the FHA and the ECOA. Accordingly, Defendants' motion to dismiss is **DENIED** as it pertains to Mr. Phoenix's race discrimination claim.

His marital status discrimination claim, however, stands on shakier ground. Under the ECOA, it is unlawful for a creditor to discriminate against an applicant based on marital status. Mr. Phoenix has failed to state a marital status discrimination claim for two reasons. First, "[t]he purpose of the ECOA is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for *individual* credit."[11] Mr. Phoenix is not the type of individual the ECOA was meant to protect. His allegations do not show that Wells Fargo refused to consider him for *individual* credit because he was married. In fact, he was not applying for individual credit at all; he was applying for joint credit with his wife.

Second, even taking as true all of the factual allegations in the Complaint, the Court is unable to infer that the actions taken against Mr. Phoenix were taken because he is married. As Defendants note, Mr. Phoenix was married when he applied for and was granted loans in the past. Wells Fargo was aware of Mr. Phoenix's married status at that time. Therefore, the Court is unable to draw the conclusion that certain negative actions taken against him during this application process were taken because he was married. Accordingly, Defendants' motion as it pertains to the ECOA marital status discrimination claim is **GRANTED** and this claim is dismissed with prejudice.

---

[11] *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982) (emphasis added).

### B.      Fraud

Defendants also move to dismiss any fraud claims asserted by the Plaintiffs.[12] In order to make out a fraud claim under Louisiana law, a Plaintiff must prove five elements: "(1) a misstatement or omission; (2) of material fact; (3) made with intent to defraud; (4) on which the plaintiff relied; and (5) which proximately caused plaintiff's injury."[13] In alleging fraud in a complaint, a plaintiff must comply with Rule 9(b) which is stricter than Rule 8. In order to properly allege a fraud claim, a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. The time, place, contents and identity standard is a context-specific inquiry which has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later."[14]

Defendants argue that Plaintiffs' fraud claim fails for two reasons. First, they argue that Plaintiffs fail to state fraud with particularity under Rule 9(b). Second, they argue that even if Plaintiffs had complied with the pleading rules, they cannot state a claim for fraud based on the five elements. The Court agrees with the Defendants. The fraud claim is not sufficient under 9(b) because the Plaintiffs do not identify the speaker nor do they state where and when the fraudulent statements were made. Additionally, even if they had satisfied the requirements of 9(b), they have not stated a claim for fraud. As noted by the Defendants, Plaintiffs do not allege that they relied on Wells Fargo's misrepresentation to their detriment. Here, the alleged misrepresentation was that Wells Fargo kept insisting Mrs. Phoenix had not signed the application, when she had signed

---

[12] The Court, like the Defendants, was unaware from the Amended Complaint alone that the Plaintiff was trying to assert a stand-alone fraud claim until the Plaintiffs indicated this in their Opposition.

[13] *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir 1997); *Guidry v. U.S. Tobacco*, 188 F.3d 619, 627 (5th Cir. 1999).

[14] *Bonvillain v. Louisiana Land & Exploration Co.*, 702 F. Supp. 2d 667, 678 (E.D. La. 2010) (internal quotation marks and citations omitted).

it. Plaintiffs did not rely on that statement to their detriment. In fact they were aware that Mrs. Phoenix signed the application. This "misrepresentation" can be more properly thought of as a pretextual reason for miscalculating Mr. Phoenix's DTI and denying the loan rather than a basis for a fraud claim. Accordingly, Defendants' motion as it pertains to any fraud claim is **GRANTED** and this claim is dismissed with prejudice.

### C.       Mrs. Phoenix's Claims

Defendants also move to dismiss all claims on behalf of Mrs. Phoenix, arguing that the allegations in the Complaint do not sufficiently allege that Mrs. Phoenix was discriminated against because of her race and/or her marital status. The Court agrees.

First, as to the claims of racial discrimination under the FHA and ECOA, Mrs. Phoenix has failed to state a cause of action. Although Plaintiffs allege that Mrs. Phoenix was African-American, they have not alleged that Wells Fargo *knew* that Mrs. Phoenix was African-American. While Mrs. Phoenix may have suffered financially because her husband was allegedly discriminated against, this does not mean she also has a claim for race discrimination. Her mere financial interest in this lawsuit, which she derives by being married to Mr. Phoenix, does not give her a cause of action.

Second, as to the claim of marital status discrimination under the ECOA, Mrs. Phoenix has failed to state a cause of action. Mrs. Phoenix is not the type of individual the ECOA was meant to protect.[15] Her allegations do not show that Wells Fargo refused to consider her for *individual* credit because she was married. In fact, she was not applying for individual credit at all; she was applying for joint credit with her husband. Accordingly, Defendants' motion as it pertains to

---

[15] "The purpose of the ECOA is to eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit." *Anderson v. United Finance Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982) (emphasis added).

Darlene Phoenix is **GRANTED** and all claims on behalf of Darlene Phoenix are dismissed with prejudice.

### III.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss the Amended Complaint for Failure to State a Claim (Doc. 17) is **GRANTED** in part and **DENIED** in part. The only remaining claim in this case is Mr. Phoenix's claim of racial discrimination arising under the FHA and the ECOA.

Signed in Baton Rouge, Louisiana, on December 20, 2016.

 

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**